S.D.N.Y.–N.Y.C.
20-cv-10942
Caproni, J.
Lehrburger, M.J.

# United States Court of Appeals
FOR THE
SECOND CIRCUIT

———————

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 14th day of July, two thousand twenty-one.

Present:
> Rosemary S. Pooler,
> Raymond J. Lohier, Jr.,
> Joseph F. Bianco,
> > *Circuit Judges*.

———————

Towaki Komatsu,

> *Plaintiff-Appellant*,

v.

21-511 (L),
21-1111 (Con),
21-1495 (Con),
21-1661 (Con)

City of New York, et al.,

> *Defendants-Appellees*.

———————

This Court has determined that it lacks jurisdiction over these appeals because the district court has not issued a final order as contemplated by 28 U.S.C. § 1291. *See Petrello v. White*, 533 F.3d 110, 113 (2d Cir. 2008). Upon due consideration, it is hereby ORDERED that the appeals are DISMISSED.

Further, we find that the imposition of sanctions, including a leave-to-file sanction, might be appropriate, in light of Appellant's litigation history.

This Court's procedure for imposing leave-to-file sanctions involves three stages: (1) the Court notifies the litigant that the filing of future frivolous appeals, motions, or other papers could result in sanctions, *see Sassower v. Sansverie*, 885 F.2d 9, 11 (2d Cir. 1989) (per curiam); (2) if the litigant continues to file frivolous appeals, motions or other papers, the Court orders the litigant to

show cause why a leave-to-file sanction order should not issue, *see In re Martin-Trigona*, 9 F.3d 226, 229 (2d Cir. 1993); and (3) if the litigant fails to show why sanctions are not appropriate, the Court issues a sanctions order, *see Gallop v. Cheney*, 667 F.3d 226, 227 (2d Cir. 2012) (per curiam).

On April 22, 2021, this Court warned Appellant that the continued filing of appeals from non-final orders could result in the imposition of a leave-to-file sanction. 2d Cir. 21-75, doc. 106 (Or.).

The warning does not appear to have been effective—Appellant's notice of appeal in the second consolidated appeal (21-1495) was filed on June 15, 2021 and his notice of appeal in the third consolidated appeal (21-1661) was filed on July 3, 2021, both of which were well after this Court's April notice.

Accordingly, Appellant is hereby ORDERED to file a response within 30 days of the entry of this order explaining why a leave-to-file sanction should not be imposed.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court